IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARLA WEBB-SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0054-CV-W-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commisioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for supplemental security income ("SSI") benefits. The Commissioner's decision is reversed, and the case is remanded for further proceedings.

### I. Credibility Assessment

The ALJ must re-evaluate Plaintiff's credibility. The ALJ determined Plaintiff lacked credibility for the following reasons: she misrepresented her drug use, she has a poor work history, she failed to follow prescribed treatment, and her daily activities were inconsistent with her allegations of functional limitations. The Court expresses concern regarding the last two reasons. First, the ALJ did not take into account whether Plaintiff's failure to follow treatment could be due to her mental impairment. "[F]ederal courts have recognized a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the 'result of [the] mental impairment [itself] and, therefore, neither willful nor without a justifiable excuse.'" *Pates-Fire v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009) (citations omitted). On remand, the ALJ must consider whether Plaintiff's noncompliance with prescribed treatment was excusable due to a mental impairment.

Second, the Court is not convinced Plaintiff's daily activities are inconsistent with her allegations of functional limitations. Plaintiff's daily activities include cooking breakfast, trying to maintain her house and doing laundry once a month. R. at 47, 193. Plaintiff attends church twice a month when she is feeling good and shops for groceries once a month. R. at 45, 46, 197. Plaintiff also spends time with others for short periods of time, including visiting her family once a month. R. at 47, 197. Plaintiff does not participate in yard work because it is "too extreme." R. at 196. In examining Plaintiff's daily activities, the ALJ stated "some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment [and] the claimant's ability to participate in such activities diminishes the credibility of the claimant's allegations of functional limitations." R. at 19. The Court notes Plaintiff's daily activities are of the type which the Eighth Circuit consistently has "held are not substantial evidence of the ability to do full-time competitive work." *Harris v. Sec'y of Dept. of Health & Human Servs.*, 959 F.2d 723, 726 (8th Cir. 1992). *See also Rainey v. Dept. of Health & Human Servs.*, 48 F.3d 292, 293 (8th Cir. 1995). Although the other reasons the ALJ cited to discount Plaintiff's credibility still may be proper, it is not for the Court to determine Plaintiff's credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001) ("The ALJ is in the best position to determine the credibility of the testimony…") Accordingly, on remand, the ALJ should reassess Plaintiff's credibility.

## II. Medical Opinions
### A. Dr. James True

The ALJ must reconsider the April 2012 medical source statement ("MSS") provided by Dr. James True. The ALJ discounted Dr. True's opinion because it was a checklist form, the limitations noted regarding concentration, persistence and social function were inconsistent with Plaintiff's daily activities, and the opinion "fails to mention [Plaintiff's] substance abuse." R. at 20. First, given the potentially overstated probative value of Plaintiff's daily activities, the Court is not certain Plaintiff's daily activities actually are inconsistent with the limitations regarding concentration, persistence and social function. Second, the Court is not convinced Dr. True's alleged

2

failure to mention Plaintiff's substance abuse is a good reason to discount his opinion. Dr. True's MSS stated that, "in responding [he] excluded from consideration all limitations which [he] believe[d] result from the patient's drug addiction and/or alcoholism, if any." R. at 624. In a case such as this, in which the ALJ must determine whether Plaintiff's substance abuse is a contributing factor material to the determination of disability, the Court finds a medical source statement which excludes limitations the physician believes result from Plaintiff's substance abuse would provide very helpful information. Although there may be reasons for the ALJ to discount Dr. True's MSS, the reasons cited do not fully support his decision. On remand, the ALJ should reconsider Dr. True's MSS regarding Plaintiff's limitations. Further, the Court notes the ALJ did not state what weight he assigned Dr. True's opinion, and thus, on remand the ALJ should do so. Finally, Dr. True wrote two additional, albeit brief, letters regarding Plaintiff's function. R. at 234-35. While the Court acknowledges Defendant's arguments regarding the significance of these letters, the Court finds it prudent for the ALJ to evaluate them as well.

### B. Dr. Margaret Sullivan

The ALJ did not state what weight he gave Dr. Margaret Sullivan's opinion that Plaintiff was limited to an environment of less stress. On remand, the ALJ should state the weight he assigns to this part of Dr. Sullivan's opinion and the reasons for doing so. *See Willcockson v. Astrue*, 540 F.3d 878, 880 (8th Cir. 2008) ("[T]he opinions of nonexamining sources are generally, but not always, given less weight than those of examining sources…By explaining the weight given to the [nonexamining source's] assessment, the ALJ would have both complied with the regulation and assisted us in reviewing the decision.")[1]

---

[1] Plaintiff contends the ALJ should have incorporated this part of Dr. Sullivan's opinion into Plaintiff's residual functional capacity ("RFC"). However, in determining the RFC, "the ALJ is not required to rely entirely on a particular physician's opinion." *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (citations and quotations omitted).

3

### III. Materiality of Substance Abuse

An individual is not considered disabled if substance abuse is "'a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010) (citations omitted). In analyzing this issue, the ALJ must (1) "determine if a claimant's symptoms, regardless of cause, constitute disability," (2) determine if there is evidence of substance abuse, and (3) determine if the disability would exist absent the substance abuse. *Id*. Throughout this process, the burden remains on Plaintiff "to prove [substance abuse] is not a contributing factor." *Id*. However, if the ALJ cannot determine if substance abuse is "a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." *Id*.[2]

Here, the ALJ followed this three step process and determined Plaintiff's substance abuse was a material factor in causing her disability. The ALJ primarily relied on (1) Plaintiff's daily activities and (2) the notion that Plaintiff's primary diagnosis was drug dependence. The Court is not persuaded substantial evidence in the Record exists to support this conclusion.

Plaintiff testified at the hearing that she had been sober since May 2012 (though the ALJ did not believe this assertion). The ALJ pointed to daily activities the Plaintiff described as occurring in April 2011. R. at 15-16. The ALJ cannot have it both ways. Because Plaintiff was not sober before May 2012, the Court is not certain how daily activities from that time period shed light on Plaintiff's functionality without substance abuse.

Next, the ALJ relied on medical records to assert Plaintiff's primary diagnosis is drug dependence. Plaintiff certainly has a long history of substance abuse, but the Court does not find that the medical records are clear that if Plaintiff were drug free, Plaintiff would not suffer from disabling mental impairments. For example, Plaintiff appeared to partake in inpatient substance rehabilitation during January 2012.

---

[2] Plaintiff contends that because she has not been sober for an extended amount of time, the ALJ's determination of her limitations absent substance abuse are "speculative at best." Plaintiff points to *Brueggerman v. Barnart* to argue, "When a claimant is still actively abusing alcohol or drugs, then the ALJ's determination that the claimant's limitations would remain absent drug abuse is hypothetical." 348 F.3d 689, 695 (8th Cir. 2003). While an ALJ's determination in that type of situation may be hypothetical, Plaintiff points to no authority, and the Court is not aware of any authority, which requires an award of benefits even if the determination is hypothetical.

Presumably, she was substance free during this time, and yet records indicate Plaintiff continued to have mental health challenges. R. at 440-446. Additionally, the ALJ maintains Plaintiff experienced hallucinations while withdrawing from cocaine, but the treatment notes state Plaintiff could not verify if she was withdrawing from cocaine when she experienced hallucinations. R. at 313. Also, Dr. True's treatment notes appear to discuss in equal measure substance abuse and mental health challenges, with no indication that Plaintiff's substance abuse caused her mental health impairments. R. at 234-40, 444, 620.

The Commissioner points to *Kluesner v. Astrue* in support of its position. 607 F.3d 533 (8th Cir. 2010). But in *Kluesner* physicians opined the claimant's drug abuse exacerbated his mental impairments. Here, we do not have physicians opining that Plaintiff's substance abuse aggravates or causes her mental impairments. While Dr. True's MSS opines what Plaintiff's limitations would be absent substance abuse, the ALJ discounted this opinion.

On remand, the ALJ should reassess the materiality of Plaintiff's substance abuse with respect to her disability. Part of this reassessment will include the reconsideration of Dr. True's MSS. If the ALJ still finds this opinion should be discounted, the ALJ should seek out other medical evidence and/or medical opinions regarding Plaintiff's functioning absent substance abuse and regarding whether substance abuse exacerbates or causes her mental impairments.

## IV. <u>Physical Impairments</u>

Plaintiff argues that at Step Two of the sequential evaluation process the ALJ did not consider and evaluate the medical evidence regarding Plaintiff's headaches and bilateral extremity impairments. However, the ALJ did so explicitly and properly found these impairments to be non-severe. R. at 14. While the Record provides some evidence of headaches, the Record does not contain objective medical evidence supporting Plaintiff's contention that she suffers from headaches twice a day that last 1.5 hours. Additionally, while there is some evidence in the Record of bilateral extremity impairments, there also is objective medical evidence that is inconsistent with this alleged impairment. R. at 655.

Next, Plaintiff argues the ALJ improperly formulated the RFC because he failed to incorporate these non-severe physical impairments into the RFC and because he did not rely on any medical evidence to support the physical component of the RFC. While the ALJ found Plaintiff's headaches and bilateral extremity impairments to be non-severe, non-severe impairments can still create limitations on Plaintiff's function. If non-severe impairments create limitations, then they should be included in the RFC. The ALJ did not discuss what limitations these impairments created, if any. Thus, the Court cannot determine whether they should have been included in the RFC. The Court expresses no opinion as to whether these impairments created limitations, and notes that if the ALJ finds the impairments do not create limitations then they do not have to be incorporated in the RFC. *See Hilkemeyer v. Barnart*, 380 F.3d 441, 447 (8th Cir. 2004). Moreover, if the ALJ finds that there are no physical limitations, the Court sees no reason why the ALJ would have to rely on medical evidence in formulating the physical component of the RFC.

On remand, the ALJ should determine whether Plaintiff's non-severe impairments create limitations on her functionality, and if so, these limitations should be included in the RFC.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 5, 2015        UNITED STATES DISTRICT COURT